**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL SOLOMAN MARTINEZ-
HERNANDEZ,

　　　　　Petitioner,

　v.

TODD BLANCHE, Acting Attorney
General,

　　　　　Respondent.

No. 24-2966

Agency No.
A216-644-998

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 26, 2026
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

　　Daniel Soloman Martinez-Hernandez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). Where the BIA conducted a de novo review of the IJ's decision, "our

---

　　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted by the BIA." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation modified). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The BIA did not abuse its discretion by finding no evidence in the record that Martinez-Hernandez was incompetent. *See Lemus-Escobar v. Bondi*, 158 F.4th 944, 955 (9th Cir. 2025). "A petitioner is presumed to be competent and, absent indicia of mental incompetency, an [IJ] is under no obligation to analyze a petitioner's competency." *Id.* (citation modified). The record in this case does not reflect that Martinez-Hernandez exhibited "an inability to understand questions" or "a high level of distraction;" nor does the record contain any "evidence of mental illness or incompetency." *Id.* To the contrary, Martinez-Hernandez had "a rational and factual understanding of the nature and object of the proceedings." *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) (quoting *Matter of M-A-M-*, 25 I. & N. Dec. 474, 474 (BIA 2011)). He recognized that the government had the burden to prove his removability and testified consistently with his written application about his fear of returning to Guatemala. On the isolated occasions that Martinez-Hernandez began answering questions with unresponsive information, he answered

coherently after the questions were repeated or rephrased. Because there were no indications that Martinez-Hernandez was incompetent, the IJ was not required to "make further inquiry." *Id.* (quoting *Matter of M-A-M-*, 25 I. & N. Dec. at 474).

2. The BIA properly found that Martinez-Hernandez waived his challenge to the IJ's finding that his asylum application was untimely. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) (reviewing de novo the BIA's determination that issue was waived); *see also* 8 U.S.C. § 1158(a)(2)(B). "[T]he BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Martinez-Hernandez's vague assertions of "blows to the head" and "mental health issues" in his pro se brief to the BIA failed to alert the BIA that he was arguing extraordinary circumstances excusing his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5)(i), (ii).

3. The BIA did not abuse its discretion in concluding that Martinez-Hernandez's conviction for felony injury to a child under Idaho state law constituted a particularly serious crime, rendering him ineligible for withholding of removal.[1] *See Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022). The BIA

---

[1] Although Martinez-Hernandez did not challenge the merits of the IJ's particularly serious crime determination before the BIA, this issue is properly before us because the BIA addressed it on the merits. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("[W]e may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency.").

"relied on the appropriate factors and proper evidence to reach [its] conclusion." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (citation modified). With respect to the first factor—the nature of the conviction—Martinez-Hernandez does not dispute that "the elements of the crime of conviction potentially bring the crime into a category of particularly serious crimes." *Mendoza-Garcia v. Garland*, 36 F.4th 989, 999 (9th Cir. 2022) (citation modified).

The BIA also considered "reliable information" in evaluating the second and third factors: "the type of sentence imposed" and "the circumstances and underlying facts of the conviction." *Bare*, 975 F.3d at 961–62 (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007)). The BIA did not err by failing to discuss evidence Martinez-Hernandez describes as "exculpatory." Martinez-Hernandez's plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), though not an admission of guilt, is an admission that "sufficient evidence exist[ed] with which the prosecution could establish its case." *State v. Goullette*, 550 P.3d 277, 281 (Idaho 2024) (quoting *State v. Easley*, 322 P.3d 296, 299 n.1 (Idaho 2014)). And Martinez-Hernandez's vague testimony that he "didn't do it" was not particularly probative of "what [he] actually did." *Guerrero v. Whitaker*, 908 F.3d 541, 545 (9th Cir. 2018). Nor did the BIA err by relying on the criminal complaint. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) ("[N]othing in the language of the 'particularly serious crime' provisions . . . limits the scope of

permissible evidence."); *see also Hernandez*, 52 F.4th at 766 (explaining that government-prepared documents are entitled to presumption of reliability).

We agree with the government that Martinez-Hernandez failed to exhaust his procedural due process argument that the IJ improperly relied on hearsay in the probable cause affidavit without providing him a reasonable opportunity to cross-examine the arresting officer and the victim. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008) (explaining that exhaustion applies to "procedural errors that can be remedied by the BIA," including the denial of a full and fair hearing). In his pro se brief before the BIA, Martinez-Hernandez did not challenge the IJ's consideration of the probable cause affidavit and did not otherwise invoke his right to cross-examine any witness. Thus, "[e]ven under the deferential standard afforded to pro se litigants," Martinez-Hernandez's appeal did not put "the BIA on notice that he was raising any due process challenge" to the IJ's reliance on the probable cause affidavit, "much less what specific procedural due process argument he was making or how it applied to the facts of his case." *Santana-Gonzalez v. Bondi*, 172 F.4th 736, 744 (9th Cir. 2026).

4. Substantial evidence supports the BIA's finding that Martinez-Hernandez did not demonstrate that it is more likely than not that he will be tortured if he returns to Guatemala. Martinez-Hernandez's own testimony contradicts the conclusion that the Los Zetas cartel or Guatemalan military are still looking for

him. The record thus amply supports the BIA's determination that Martinez-Hernandez is ineligible for CAT protection. *See Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019) (denying petition as to CAT claim where persecution transpired 30 years earlier and there was no evidence that petitioner or anyone in his family had received threats in more recent years); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019) (similar).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal (Dkt. No. 2) remains in place until the mandate issues.